**UNPUBLISHED OPINIONS**

Case 4:23-cv-02068-MWB   Document 1-13   Filed 12/13/23   Page 2 of 5

Bellezza v. Duffy, Not Reported in Fed. Supp. (2020)
2020 WL 5414761

2020 WL 5414761
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Nicholas F. BELLEZZA, Plaintiff
v.
Terrance DUFFY, M.D., Defendant

3:17-CV-1884
|
Filed 09/09/2020

**Attorneys and Law Firms**

Nicholas F. Bellezza, Largo, FL, pro se.

Grace Doherty, James A. Doherty, Jr., Scanlon Howley & Doherty, PC, Scranton, PA, for Defendant.

## MEMORANDUM OPINION

Robert D. Mariani, United States District Judge

*1 On October 16, 2017, Plaintiff Nicholas Bellezza filed a Complaint against Defendant Dr. Terrance Duffy (Doc. 1), asserting that Dr. Duffy did not provide him with an "adequate medical diagnosis."

In response to a motion to dismiss filed by Defendant on April 24, 2018 (Doc. 16), Chief Magistrate Judge Schwab issued a Report and Recommendation ("R&R") (Doc. 22) stating that the Complaint should be dismissed with leave to amend because Plaintiff failed to "put forth any allegations in his complaint that allow us to conclude whether we have subject-matter jurisdiction" and because Plaintiff failed to state a claim upon which relief could be granted for medical malpractice under Pennsylvania law. Plaintiff thereafter filed an amended complaint (Doc. 24), and this Court adopted the R&R. (Doc. 26).

On February 27, 2019, Defendant filed a motion to dismiss the Amended Complaint (Doc. 27), Chief Magistrate Judge Schwab issued an R&R (Doc. 35) again recommending that the complaint be dismissed "[b]ecause Bellezza has not pleaded jurisdiction," but with leave to amend. In so doing, Chief Magistrate Judge Schwab explained that Plaintiff was attempting to assert diversity of citizenship jurisdiction, that Plaintiff had pleaded that the amount in controversy exceeded $75,000, but had failed to allege his citizenship or the citizenship of Defendant. The R&R thereafter set forth the applicable law with respect to diversity jurisdiction and provided Bellezza with certain "principles regarding diversity jurisdiction" which he should take into account when filing a second Amended Complaint. (*Id.* at 8-9). In response to this R&R, Plaintiff filed a second Amended Complaint (Doc. 40). The Court thus adopted the R&R and deemed Plaintiffs second Amended Complaint as the operative complaint in this case.

On August 30, 2019, Chief Magistrate Judge Schwab filed a third R&R (Doc. 42), recommending that this case be dismissed "because plaintiff Nicholas F. Bellezza has not pleaded facts from which it can reasonably be inferred that the court has subject-matter jurisdiction." Plaintiff filed Objections thereto. (Doc. 43).

Upon *de novo* review of Chief Magistrate Judge Schwab's R&R (Doc. 42), Plaintiffs Objections thereto (Doc. 43), and all relevant filings, the Court will overrule the Objections and adopt the pending R&R.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, in response to the pending R&R, Plaintiff filed a one-page Objection, arguing that he has "come to realize that my actural [sic] State of Residence is Florida", and attaching multiple exhibits in support of this assertion. (*See* Doc. 43). However, even if the Court were to accept as true Plaintiff's factual assertions set forth in his Objections, these statements

Case 4:23-cv-02068-MWB   Document 1-13   Filed 12/13/23   Page 3 of 5

Bellezza v. Duffy, Not Reported in Fed. Supp. (2020)
2020 WL 5414761

do not serve to establish that the Court has subject matter jurisdiction over this case.

**\*2** Because the relevant time for determining the status of a party's citizenship for the purpose of establishing diversity of citizenship is at the time the action is filed, at issue before the Court is Nicholas Bellezza's citizenship in October of 2017. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-571 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.... [This rule] measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing - whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.") (internal quotations and citations omitted). Events subsequent to the filing of an action, such as a change in a party's citizenship, do not defeat diversity jurisdiction if such jurisdiction existed at the commencement of the case. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) (noting that "jurisdiction, once attached, is not impaired by a party's later change of domicile."). As the party asserting jurisdiction, Plaintiff bears the burden of proving the presence of diversity of citizenship by a preponderance of the evidence. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

To establish citizenship within the meaning of 28 U.S.C. § 1332, "a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original).

> Citizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973). In determining an individual's domicile, a court considers several factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *Krasnov [v. Dinan, 465 F.2d 1298*, 1301 (3d Cir. 1972)] (quotation omitted). Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. 13B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3612 (3d ed.2005).

*McCann*, 458 F.3d at 286. "[A] domicile once acquired is presumed to continue until it is shown to have been changed. This principle gives rise to a presumption favoring an established domicile over a new one." *Id.* at 286-287 (internal quotation marks and citations omitted).

In Plaintiff Bellezza's second Amended Complaint, he asserts that he "is a lifelong resident of Hazleton, PA", is "a registered property owner, a registered tax payer, a registered voter and has held a Pennsylvania Driver's License since the age of 17" and that his "vehicle is also registered in Pennsylvania." (Doc. 40). Although Plaintiff pleads that in "December of 2012 my family and I moved to Largo, Florida", he states that "[a]lthough I live in Florida, my primary residence has always been in Pennsylvania" and that "from January 2103 through December 2018, the amount of time I spent in Florida and Pennsylvania was pretty equal because I was trying to sell a property in Pennsylvania." (*Id.* at 1). Plaintiff further pleads that he has "another property in Pennsylvania that [he] will be trying to sell" in the future. (*Id.*). Attached to this complaint is a copy of Plaintiffs Pennsylvania Driver's License, issued on June 16, 2015.

In Bellezza's Objections, he now claims that his "State of Residence is Florida." (Doc. 43, at 2). Bellezza explains that:

> For the past seven years I really believed Pennsylvania was my State of Residence because I owned property there, payed taxes on the property there, had a valid Pennsylvania Driver's License there since I was 17 years old and also my vehicle is registered there.

(Doc. 43, at 2). Plaintiff further states that he now believes that he is a "Resident of The State of Florida

Case 4:23-cv-02068-MWB   Document 1-13   Filed 12/13/23   Page 4 of 5

**Bellezza v. Duffy, Not Reported in Fed. Supp. (2020)**
2020 WL 5414761

because I have owned a home in the State of Florida since December of 2012", and that he has "lived in the same home since the time of purchase" in 2012. (*Id.*). Plaintiff now asserts, contrary to his pleadings, that he would only return to Pennsylvania for "several months during the Spring and Summer" of every year from 2013 through 2018, with the exception of 2016. (*Id.*; *compare with* Doc. 40, at 1 ("from January 2103 through December 2018, the amount of time I spent in Florida and Pennsylvania was pretty equal because I was trying to sell a property in Pennsylvania.")). In his Objections, Bellezza explains that when he returned to Pennsylvania after 2012, he "would stay with family and friends because [he was] not able to stay in [his] house" because the utilities had been turned off. (Doc. 43, at 2).

**\*3** Upon review of the R&R, Plaintiff's Objections to the R&R and the exhibits attached to the Objections, and all other relevant documents, Plaintiff has failed to meet his burden of proving the presence of diversity of citizenship by a preponderance of the evidence. Although Plaintiff has demonstrated that he has had a residence in Florida since late-2012, he has not established that he changed his established domicile of Hazleton, Pennsylvania, to Largo, Florida, prior to the filing of his complaint in October of 2017. Plaintiff's second Amended Complaint, as well as his Objections, confirm that, in 2017, he owned two properties in Pennsylvania, paid taxes in Pennsylvania, was registered to vote in Pennsylvania, held a Pennsylvania driver's license, and had his vehicle registered in Pennsylvania. Bellezza's second Amended Complaint, the statements in which consist of judicial admissions, further establishes that he spent his time equally in Pennsylvania and Florida from 2013 to 2018.[1] Further, Bellezza's renewal of his Pennsylvania driver's license in 2015, three years after he claims he moved to Florida, further diminishes his claim that, in 2017, he was domiciled in Florida. As properly noted in the pending R&R, " 'residence is not the same as domicile and does not establish citizenship for diversity purposes.' *Pepper v. Covington*, No. 3:19-CV 00758, 2019 WL 2324558, at \*2 (M.D. Pa. May 31, 2019). Thus, 'alleging residency alone is insufficient to plead diversity of citizenship.' *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018)." (Doc. 42, at 3).

---

[1] The Third Circuit has made clear that a fact expressly conceded in a complaint constitutes a judicial admission and is binding on the plaintiff. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) ("Although [Plaintiff]'s attempt to salvage its unjust enrichment claim now requires that it take a contrary position, the allegation in the Amended Complaint is a binding judicial admission."); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 211 n. 20 (3d Cir. 2006) ("Judicial admissions are concessions in pleadings or briefs that bind the party who makes them."); *Parilla v. IAP Worldwide Serv., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) ("Judicial admissions are formal concessions in the pleadings, or stipulations by the party or its counsel, that are binding upon the party making them.").
"The scope of judicial admissions is restricted to matters of fact which otherwise would require evidentiary proof." *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972). Thus, for a judicial admission to be binding on a party, the admission must be a statement of fact that requires evidentiary proof, not a statement of legal theory, and that statement must be unequivocal. *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007) (citing *Glick*, 458 F.2d at 1291); *see also, Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F.Supp.2d 394, 405 (D.N.J. 2000) (collecting cases).

> As explained by another District Court in this Circuit,
> Because a complaint is intended to summon the resources of the court, and given the responsibility placed on parties to ensure that claims filed with the court are properly based on fact, a party's pleadings are viewed with solemnity. *See, e.g., Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547(3d Cir. 1956) (pleadings are supposed to be factual rather than fictional). Given the seriousness of pleadings, and to "preserv[e] the integrity of the courts by preventing litigants from playing

**Bellezza v. Duffy, Not Reported in Fed. Supp. (2020)**
2020 WL 5414761

Case 4:23-cv-02068-MWB   Document 1-13   Filed 12/13/23   Page 5 of 5

fast and loose with the courts" in offering intentional self-contradictions, factual assertions made in pleadings are binding on the party asserting the fact, absent a later amendment. *Cf., Chaffee v. Kraft General Foods, Inc.*, 886 F.Supp. 1164, 1169 (D.N.J. 1995) (discussing judicial estoppel). Thus, facts asserted in pleadings may be regarded as "judicial admissions" which are binding on the party asserting them for the purpose of that case and any later appeal and which do not have to be later proven....

*Sobratti v. Tropical Shipping and Const. Co., Ltd.*, 267 F.Supp.2d 455, 462-463 (D.V.I. 2003).

For these reasons, in applying the factors which a court should consider in determining an individual's domicile, it is clear that the majority of these considerations weigh in favor of a finding that Plaintiff remained domiciled in Pennsylvania in 2017, despite also owning a residence in Florida at that time. Plaintiff has not overcome the presumption favoring an established domicile, i.e. Hazleton, Pennsylvania, over a new one, i.e. Largo, Florida. As explained, Plaintiffs second Amended Complaint, as well as his Objections, admit that in 2017, he owned property in Pennsylvania, paid taxes in Pennsylvania, exercised his political rights, i.e. was registered to vote, in Pennsylvania, held a Pennsylvania driver's license, and had his vehicle registered in Pennsylvania. *See McCann*, 458 F.3d at 286. On the record, the only factors weighing in favor of a finding that he was domiciled in Florida at that time is his assertion that he owns a home in Largo, Florida and that he and his family moved into this home in 2012. (Doc. 40, at 1; Doc. 43, at 2). This alone is insufficient show that Florida "is the place to which, whenever he is absent, he has the intention of returning." *Vlandis*, 412 U.S. at 454.

**\*4** Finally, it must be noted that despite being instructed in the prior R&R that he must also plead the citizenship of the defendant in his Amended Complaint (*see* Doc. 35, at 8-9), he has still not done so in his second Amended Complaint, nor has he provided this Court with any documents which may aid in a determination of Dr. Duffy's citizenship. This further weighs in favor of a finding that Plaintiff has failed to meet his burden and that dismissal of this action for lack of subject matter jurisdiction is appropriate.

For the above-discussed reasons, the Court will adopt the pending R&R and dismiss Plaintiff Bellezza's case for lack of subject matter jurisdiction. Plaintiff should understand that this Court's decision is limited to a finding that it does not have jurisdiction over this case. The dismissal of Plaintiff's second Amended Complaint does not reflect any decision on the merits of Plaintiff's claims and does not preclude Plaintiff from attempting to file this action in Pennsylvania state court.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 5414761

---

**End of Document**                © 2023 Thomson Reuters. No claim to original U.S. Government Works.